UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE LEAB,               ) | |
|    Plaintiff,              ) | |
| )  | |
| vs.                               ) | Case No. 23-3002 |
| )  | |
| ILLINOIS DEPARTMENT of  ) | |
| CORRECTIONS,           ) | |
|    Defendant              ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has filed a complaint against the Illinois Department of Corrections (IDOC). Plaintiff's complaint is one paragraph.

> Was denied EDSC for criminal history when I meet the criteria to receive said good time. So its like double jeopardy as my past debts to society have been paid. (Comp., p. 5).

The Court assumes EDSC is Earned Disciplinary Sentence Credit. The Illinois Administrative Code states the IDOC Director or his or her designee "may award eligible individuals" additional credit up to 180 days for good conduct if the individual

1

is serving a sentence of less than five years. *See* 20 Ill. Admin. Code §107.210. The provision also lists situations in which an individual will not be eligible for EDSC and additional factors which may be considered. *Id.* Finally, "the decision to award earned discretionary sentence credit shall be at the sole discretion of the Director of the Director's designee." 20 Ill. Admin. Code §107.210 (c).

Plaintiff does not have a right to these supplemental good time credits. Instead, the decision is left entirely to the discretion of the IDOC Director. *See Brewer v. Peters,* 262 Ill.App.3d 610, 613 (1994) ("The award of good-conduct time and the decision to consider granting good-conduct time are discretionary under the statute; defendant is not required to grant the time or even consider it."). Therefore, Plaintiff has not alleged a due process or other federal violation based on the failure to provide him with this additional, supplemental credit. *See U.S. ex rel. Nitz v. Anglin*, 2014 WL 831610, at *20 (N.D.Ill. March 4, 2014("while Petitioner may have a protected liberty interest in credits for time served … he has no protected liberty interest in the possible award of good time credits at the discretion of the IDOC Director. Without a protected liberty interest, the Director's decision not to award Petitioner any supplemental service credit need not comply with any due process requirements, and denial of good time does not raise a cognizable federal claim.").

Plaintiff cannot state a claim based on the denial of supplemental EDSC credits and the Court must dismiss his lawsuit.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A.  This case is closed. All pending motions are denied as moot ([4], atty). The dismissal could potentially count as a strike pursuant to 28 U.S.C. Section 1915(g).

2) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 28th day of March, 2023.


s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE